

FILED

JUL 2 5 2005

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re | ) Chapter 7 Proceedings |
| | ) |
| MICHAEL CROSTON and ROSA MARIE MARTINEZ, | ) Case No. BR-03-01282-PHX-CGC |
| | ) |
| Debtors. | ) Adv. No. 05-153 |
| | ) |
| | ) UNDER ADVISEMENT DECISION |
| | ) RE: MOTION TO DISMISS |
| MICHAEL CROSTON and ROSA MARIE MARTINEZ, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) (OPINION TO BE POSTED) |
| | ) |
| ROBERT DAVIS, EDWIN LEE, GIUSEPPE ACOCELLA, and the LAW OFFICE OF EDWIN LEE, P.C., | ) |
| | ) |
| Defendants. | ) |

Pending before the Court is Defendants' Motion for Dismissal with Prejudice Pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011.

Debtors, pro se, filed their complaint against Defendants on February 25, 2005, alleging two counts: "Count I. Trustee's Failure to Properly Administer the Estate" and "Count II. Trustee Davis, Attorneys Lee and Acocella Are No Longer Disinterested Parties." By way of their complaint, Debtors seek damages of no less than $500,000, an injunction against Trustee Davis and attorneys Lee and Acocella from participating further in these proceedings, and an injunction against Trustee Robert Davis and attorneys Lee and Acocella from collecting any money from Debtors or the estate for administration of the estate. Debtors have since amended

1  their complaint to add a third claim: Count III.  Malicious Prosecution.[1]

2      Defendants seek dismissal on a variety of grounds.  For example, Defendants argue that

3  Debtors have failed to state a cognizable claim under Federal Rule of Civil Procedure 12(b)(6).

4  They also claim they are subject to quasi-judicial immunity as former trustee and former trustee's

5  counsel.  In addition, they contend that some of the relief Debtors request has already been

6  granted by way of Defendants' removal from the case, such as enjoining the trustee and his

7  counsel from participating further in the administration of the case. [2]  As a threshold matter,

8  however, the Court finds that Debtors do not have standing to pursue this adversary.

9      Debtors filed their voluntary petition for Chapter 7 relief on January 27, 2003.  At that

10  time, Defendant Davis was appointed trustee and he was represented by Defendant Lee.

11  Subsequently, the case was converted to Chapter 13, and Russell Brown was then appointed the

12  Chapter 13 trustee.  During the pending Chapter 13, Debtors filed this instant adversary

13  proceeding.  Approximately two weeks later, Debtors sought to reconvert the case to one under

14  Chapter 7, which the Court granted.  Pursuant to Debtors' request, the Court ordered the United

15  States Trustee to appoint a new Chapter 7 trustee, other than Defendant Robert Davis.  That led

16  to the appointment of Constantino Flores as the new Chapter 7 trustee in this case.  That is where

17  we are now.

18      The Chapter 7 Trustee is the one who has standing, therefore, to bring this adversary

19  proceeding and not Debtors:

20      Absent authorization from the bankruptcy court, the Trustee is the only party who
        can assert a claim for damages on behalf of the bankruptcy estate.  If a Trustee is
21      the cause of the damage, the appropriate remedy is to remove and replace the
        trustee.  The successor trustee may then bring the claim for damages against the
22      removed trustee.

23

24  _____

25  [1]Debtors did not obtain leave of court to file the amended complaint.  However, under F.R.B.P
    7015(a), Debtors may amend without leave so long as defendants have not filed a responsive
26  pleading.  A motion to dismiss is not a responsive pleading for this purpose.  See, e.g.,*In re Harwell*,
    80 B.R. 901 (Bankr. W.D. Tenn. 1987).

27
    [2]Defendants also challenge the veracity of many of the facts asserted by Debtors in their
28  complaint, but questions of fact are not appropriately decided on a motion to dismiss.

- 2 -

*In re Davis,* 312 B.R. 681, 685-86 (Bankr. D. Nev. 2004) (citing *In re Troutman Enterprises, Inc.,* 286 F.3d 359, 364-65 (6th Cir. 2002); *In re Ferrante,* 51 F.3d 1473, 1478 (9th Cir. 1995); *In re El San Juan Hotel Corp.,* 841 F.2d 6, 8-9 (1st Cir. 1988)). In essence, the former trustee was removed and replaced by way of the reconversion to Chapter 7 with the express instruction to appoint a trustee other than Defendant Davis. It is now up to Trustee Flores to determine whether to pursue these matters. If he elects to pursue the matter, Defendants are correct that he must first seek leave of the Court to do so. "It is well established that a bankruptcy trustee may not be sued without leave of the appointing court for actions taken in the scope of his or her authority." *Id.* at 686; *See also In re Bay Area Material Handling, Inc.,* 1995 WL 747954, *3 (N.D. Cal.), aff'd 111 F.3d 137 (9th Cir. 1997); *In re DeLorean,* 991 F.2d 1236, 1240 (6th Cir. 1993); *Leonard v. Vrooman,* 383 F.2d 556, 560 (9th Cir. 1967).

> This protection extends to other persons appointed by the bankruptcy court, including the trustee's counsel, *DeLorean,* 991 F.2d at 1241, and the debtor's counsel, *In re Silver Oak Homes, Ltd.,* 167 B.R. 389, 395 (1994); *In re Balboa Improvements, Ltd.,* 99 B.R. 966, 970 (9th Cir. 1989).

There are only two exceptions to this rule, neither of which are applicable here:

> In two instances, leave of the court is not required. A suit does not require leave of the court when the trustee acts in excess of his or her authority or in an unofficial capacity. *Leonard,* 383 F.2d at 560 (holding that no leave was required for a suit brought against the trustee for illegally occupying property which was not part of the estate). A suit without leave is also permissible, under 28 U.S.C. § 959(a), if it is a complaint against the trustee "with respect to any of their acts or transactions in carrying on business connected with [the estate's] property." "Carrying on business" is narrowly construed to mean activities involved in operating the debtor's enterprise, particularly activities that result in a tort.

**THEREFORE, IT IS HEREBY ORDERED** dismissing this case without prejudice to Trustee Flores seeking leave of this Court to pursue an action against Defendants within thirty (30) days of the date of this decision. If Trustee Flores makes no such timely request, Debtors shall have ten (10) days from that date within which to seek leave of the Court to bring an adversary proceeding against Defendants. If leave of the Court is not sought within those time periods by either party, the dismissal will be *with prejudice.*

If Trustee Flores declines to seek leave of the Court to pursue this matter and Debtors in fact elect to proceed, Debtors are admonished that their complaint and all other related pleadings

- 3 -

1 must comply with Rule 11 of the Federal Rules of Procedure, as made applicable to this

2 adversary proceeding by Bankruptcy Rule 9011[3], or they will be subject to sanctions. As

3 Debtors' claims currently exist, there is serious doubt whether they comply with Rule 11's

4 strictures that they be supported by existing law or by a nonfrivolous argument for the

5 extension, modification, or reversal of existing law or the establishment of new law.

6      So ordered.

7

8 DATED: _____July 25, 2005_____

9

10 _____

Charles G. Case II

11 UNITED STATES BANKRUPTCY JUDGE

12

13 **COPY** of the foregoing mailed and/or via facsimile

14 this 25 day of July, 2005, to:

15

United States Trustee

16 P.O. Box 36170
Phoenix, Arizona 85067-6170

17

Michael and Rosa Marie Croston

18 6552 W. Mountain View Road
Glendale, Arizona 85302

19 Debtors

20 Edwin P. Lee
Guiseppe Acocella

21 Law Office of Edwin Lee

22 21639 N. 12th Ave., Suite 204
Phoenix, Arizona 85080-3198

23

24

25    [3] Bankruptcy Rule 9011 provides that "[b]y presenting to the court . . . a pleading . . . an unrepresented party is certifying that to the best of the person's knowledge, information, and belief,

26 . . . (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims . . . and other legal contentions

27 therein are warranted by existing law . . . ; [and] (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after

28 a reasonable opportunity for further investigation or discovery."

- 4 -

1  Attorneys for Defendants

2  Constantino Flores
3  P.O. Box 511
   Phoenix, Arizona 85001-0511
4  Chapter 7 Trustee

5  Dawn Bayne
6  Allen & Sala, PLC
   Viad Corporation Center
7  1850 N. Central Ave., Sutie 1150
   Phoenix, Arizona 85004
8  Attorney for Trustee Flores

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 5 -